```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| LARRY POUNCY,<br><br>                    Plaintiff,<br><br>-against-<br><br>SOLOTAROFF, et al.,<br><br>                    Defendants. | No. 15-CV-8753 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

The Court is in receipt of Plaintiff Larry Pouncy's pro se motion requesting relief from the Court's February 9, 2016 order dismissing Plaintiff's complaint (dkt. no. 4) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 60(b)(6) (dkt. nos. 14, 15, 16).  Plaintiff also filed a letter, dated June 26, 2025, requesting Chief Judge Swain intervene and vacate the February 9, 2016 order.  (Dkt. no. 18.)  For the reasons set out below, Plaintiff's motion is DENIED.

On February 9, 2016, the Court dismissed Plaintiff's complaint in which he requested the Court vacate the judgment of the Supreme Court of New York, New York County, dismissing his legal malpractice claim.  (See dkt. no. 4 at 2, 4.)  The Court dismissed Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to the Rooker-Feldman doctrine, which precludes federal district courts from reviewing final judgments of state courts.  (Id. at 3-4.)

On July 25, 2016, the Court denied Plaintiff's first motion requesting relief from its dismissal of his complaint, which the Court had liberally construed as a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) and a motion for reconsideration under Local Civil Rule 6.3, and, in the alternative, as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b).  (See dkt. no. 10 at 1.)  The Court concluded that Plaintiff failed to demonstrate that it had overlooked any controlling decisions or factual matters that entitled him to reconsideration under Rule 59(e) or alleged facts to demonstrate he met any of the grounds justifying relief under Rule 60(b).  (See id. at 2.)

On February 2, 2017, the Court of Appeals denied Plaintiff's request for leave to proceed in forma pauperis, dismissing his appeal because it lacked an "arguable basis either in law or in fact."  (Dkt. no. 12 (citation omitted).)

Construing Plaintiff's motion liberally, Plaintiff has once again failed to demonstrate he is entitled to relief under Rule 60(b).  Plaintiff repeats many of the arguments made in his first motion (see dkt. no. 8), which were previously rejected by the Court (see dkt. no. 10), and does not provide any facts to demonstrate that any grounds exist that warrant relief under Rule 60(b).  Plaintiff can point to no support for his assertion that the Court's dismissal of his complaint was a violation of his

2

Fourteenth Amendment rights to due process and equal protection (see dkt. no. 15 at 5), given his complaint was dismissed for lack of subject-matter jurisdiction.  Accordingly, Plaintiff's motion (dkt. no. 14) is DENIED.

The Clerk of the Court is directed to close docket number 14. The Clerk of Court is also directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962)

**SO ORDERED.**

Dated:     July 10, 2025
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge